IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DALE EVERETT HARDT, | Case No.: 3:24-cv-00549-AN |
| Plaintiff, | |
| v. | |
| CITY OF PORTLAND, SCOTT MOEDE, ELSA HAAG, TED WHEELER, MINGUS MAPPS, CARMEN RUBIO, DAN RYAN, and RENE GONAZALEZ, | ORDER TO SHOW CAUSE |
| Defendants. | |

*Pro se* plaintiff Dale Everett Hardt brings this action alleging that defendants have violated his right to due process under the Fourteenth Amendment. Plaintiff's Application to Proceed *In Forma Pauperis*, ECF [1], is GRANTED. Plaintiff is ordered to show cause in writing by May 17, 2024, why the Complaint should not be dismissed for failure to state a claim. Alternatively, plaintiff may file an amended complaint by that date curing the defects outlined below.

## LEGAL STANDARD

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). To state a claim for relief, the pleading must contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought, which may include in the alternative or different types of relief." Fed. R. Civ. P. 8(a). Although detailed factual allegations are not required, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2006) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

A *pro se* litigant's pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, a *pro se* litigant's

pleadings must still meet "some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

## BACKGROUND

This case began with a claim that Hardt originally filed in state small claims court. Because Hardt requested a jury trial, the case was moved to a state trial court. Defendants subsequently removed the case to this Court in *Hardt et al. v. City of Portland et al.*, No. 3:23-cv-01980-AN, under federal question jurisdiction because Hardt identified federal constitutional rights as the bases for his claims. On March 26, 2024, this Court entered an Opinion and Order and judgment, dismissing the claims without prejudice, and without leave to amend for failure to state a claim. The present action is brought against the same defendants, with the addition of defendants' attorney from the prior case. Hardt's present action is premised on the prior dismissal because he argues, in essence, that defendants have violated his right to due process under the Fourteenth Amendment by preventing his case from proceeding to a jury trial.

## DISCUSSION

Hardt argues that defendants violated his right to due process under the Fourteenth Amendment by removing the prior case to federal court and seeking dismissal, thereby by acting "under color of state law, . . . to deprive [plaintiff] of [his] right to a trial by jury." Compl., ECF [2], at 3. In essence, Hardt's claim is that defendants' "sole motive was to insure [*sic*] that the plaintiff never had an opportunity to challenge the validities of the defendants illegal housing practice of the street campers in . . . court before a jury," thus, defendants were "denying him due process of law." *Id.* at 4.

Although Hardt frames his claim as arising under the Due Process Clause of the Fourteenth Amendment, his argument actually implicates the Seventh Amendment because, put simply, his argument is that he was not afforded an opportunity to be heard because he did not have a trial by jury. However, "[t]he due process clause does not guarantee to the citizen of a state any particular form or method of state procedure. Under it he may neither claim a right to trial by jury nor a right of appeal." *Dohany v. Rogers*, 281 U.S. 362, 369 (1930). Thus, the Ninth Circuit has held that the "Seventh Amendment's guarantee of

the right to a civil trial by jury does not apply to the states and was not incorporated into the Fourteenth Amendment." *R.J. Reynolds Tobacco Co. v. Shewry*, 423 F.3d 906, 924 (9th Cir. 2005). Indeed, the Ninth Circuit has expressed doubt regarding whether § 1983 claims against state officials for Seventh Amendment violations are viable. *Id.* (describing viability of claim as "questionable"). Given this backdrop, plaintiff has not asserted factual allegations sufficient to state a plausible claim for relief under the Due Process Clause of the Fourteenth Amendment.

## CONCLUSION

Accordingly, plaintiff's Application to Proceed IFP, ECF [1], is GRANTED. The Court orders plaintiff to show cause in writing by May 17, 2024, why the Complaint should not be dismissed for failure to state a claim for relief. Alternatively, plaintiff may file an amended complaint curing the defects outlined above by that date.

IT IS SO ORDERED.

DATED this 16th day of April, 2024.

Adrienne Nelson
United States District Judge